NEW JERSEY BELL TELEPHONE COMPANY, PLAINTIFF-APPELLANT, v. PHILTON S. KRAMER, DEFENDANT-RESPONDENT.

Submitted May 16, 1930—Decided November 19, 1930.

Before Justices CASE, DALY and DONGES.

For the appellant, *Smith & Slingerland.*

For the respondent, *Michael J. Murphy* and *Arthur C. Dunn.*

PER CURIAM. ·

Plaintiff below sued to recover the cost of repairing certain cables laid in conduits in a public street in the city of Paterson severed by defendant's steam shovel in the course of street construction work being performed by him for the county of Passaic. The state of demand alleges that the damage resulted from the "careless, unskillful and negligent manner" of doing the work.

The trial judge found for the defendant.

Appellant writes down nine grounds of appeal. These grounds of appeal relate to the admission of testimony and the determination of the questions of negligence and contributory negligence.

1. As above set out, the state of demand alleged that the work was done in a "careless, unskillful and negligent manner." The plaintiff below introduced no testimony upon this point. There was nothing to show that the physical work was not done in a proper and careful manner. The insistence of appellant at the trial was that the defendant below failed to ascertain the location of appellant's conduit and that such failure was negligence. This allegation is not within the issue as framed. But if it were within the state of demand, we are of opinion that when the county authorities contracted with respondent to excavate to a depth of seventeen inches (page 23) and advised him that it was proper for him to proceed with the work (page 22), he had a right to assume, in the absence of actual notice or knowledge, that he might safely proceed with the work. As a matter of fact the excavation had been made to a depth of only five or six inches (page 23).

The appellant claims that the respondent had actual knowledge of the existence of its conduit in the street, and refers us to the following question and answer as evidence of this:

"*Q.* Did you inquire at the county engineer's office as to the utilities' underground construction at this point? *A.* Not any particular utility. I was advised that it was all right to proceed with the work, that the utilities had all been notified."

This cannot be said to be evidence of actual knowledge, and in fact, in answer to interrogatory 16, answered by defendant and introduced in evidence by plaintiff, the defendant denied knowledge of the existence of the appellant's conduit in the street. We conclude, therefore, that there was no evidence of knowledge sufficient to charge the defendant with the duty of communicating with the plaintiff, and that, in the absence of such evidence, the defendant, engaged in work under contract for a public agency, was justified in relying upon assurances of that agency that it was all right for him to commence work.

Appellant cities some New York cases in which it was held that a trespass was committed when a person disturbed the

property of a public utility laid in a public highway by public permission in order to install some private property for his own benefit. We are not dealing with a case of tresspass, but with a case of negligence in the manner of performing public work under public authority.

2. There was no error in the admission of the letter of the assistant county engineer directed to New York Telephone Company, advising it that it was the intention to improve the roadway with a permanent pavement. Appellant's *Exhibit* 1, as of October 2d, 1902, shows that the installation was made by New York and New Jersey Telephone Company. It does not appear that the county authorities were ever advised of a change of ownership, if any there was. They might properly assume that notice to the party making the installation was notice to the owner.

3. The reasons above set forth render it unnecessary to consider whether the failure of appellant to notify respondent of the location of its property or to take steps to protect same was negligence.

The judgment below is affirmed, with costs.